IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PENNY ORR            PLAINTIFF

       v.        Civil No. 3:11-cv-03065-JRM

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration            DEFENDANT

**MEMORANDUM OPINION**

I.     **Factual and Procedural Background**

Plaintiff, Penny Orr, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act").

Plaintiff protectively filed her applications on June 2, 2008, alleging a disability onset date of February 2, 2008, due to degenerative disc disease, left hip chondral fracture, seizure disorder, reactive hypoglycemia, Raynaud's syndrome, migraines, and adjustment disorder. Tr. 11, 143. On the alleged onset date, Plaintiff was thirty-one years old with a ninth grade education. Tr. 18, 29-30, 150, 309. She has past relevant work as a maid, cashier, assistant store manager, and store manager. Tr. 17.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 64-70, 73-76. At Plaintiff's request, an administrative hearing was held on January 21, 2010. Tr. 25-57. Plaintiff was present at this hearing and represented by counsel. The ALJ rendered an unfavorable decision on April 27, 2010, finding Plaintiff was not disabled within the meaning of the Act. Tr. 6-19.

Subsequently, the Appeals Council denied Plaintiff's Request for Review on June 9, 2011, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-5. Plaintiff now seeks judicial review of that decision.

II.     **Applicable Law**

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities;

(3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III. ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since February 8, 2008, the alleged onset date. Tr. 11. At step two, the ALJ found Plaintiff suffers from degenerative disc disease of the cervical and lumbar spine, left hip chondral fracture with labral injury status post surgery, seizure disorder, reactive hypoglycemia, Raynaud's syndrome, and adjustment disorder, which were considered severe impairments under the Act. Tr. 11-12. At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 12-14.

At step four, the ALJ found Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she could not climb, kneel, crouch, crawl, or engage in overhead work bilaterally, and could only occasionally balance and stoop. Tr. 14-17. Environmentally, the ALJ determined Plaintiff must avoid extreme cold and all hazards, including driving. Tr. 14-17. Mentally, the ALJ determined Plaintiff could perform work in which interpersonal contact is incidental to the work performed, tasks are learned and performed by rote

with few variables and little judgment required, and the supervision is simple, direct, and concrete. Tr. 14-17.

With these limitations, the ALJ found Plaintiff could not perform her past relevant work. Tr. 17. However, after receiving vocational expert testimony, the ALJ found jobs existing in significant numbers in the national economy that Plaintiff could perform.[1]  Accordingly, the ALJ determined Plaintiff was not under a disability from February 8, 2008, the alleged onset date, through April 27, 2010, the date of the administrative decision. Tr. 19.

## IV.   Discussion

On appeal, Plaintiff contends the ALJ erred by: (A) failing to consider the combined effect of her impairments; (B) failing to properly consider her mental impairments; (C) finding her migraines to be non-severe; and (D) posing an improper hypothetical question to the vocational expert. *See* Pl.'s Br. 13-20. For the following reasons, the court finds that substantial evidence supports the ALJ's decision.

### A. Combined Impairments

Plaintiff contends the ALJ failed to consider the combined effect of her impairments. *See* Pl.'s Br. 13-14. "We will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R § 404.1523. In this instance, the ALJ fully summarized Plaintiff's medical records and made specific findings regarding her degenerative disc disease, hip fracture, seizure disorder, hypoglycemia, Raynaud's syndrome, and adjustment disorder. Tr. 12-13. He then expressly determined that none

---

[1] The ALJ determined Plaintiff could perform the requirements of representative occupations such as patcher, of which there are 1,500 jobs in Arkansas and 106,000 jobs nationally. Tr. 18-19, 53-55.

of Plaintiff's impairments, either singly or in combination, met or equaled the criteria of a listing. Based on the ALJ's summary of Plaintiff's medical records and thorough discussion of each alleged impairment, the undersigned finds that the ALJ properly considered the combined effects of Plaintiff's impairments. *See Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994) (claimant's conclusory statement that ALJ failed to consider combined effects of impairments was unfounded where ALJ noted each impairment and concluded that impairments alone or in combination were not of listing level); *Raney v. Barnhart,* 396 F.3d 1007, 1011 (8th Cir. 2005) (ALJ listed all of claimant's impairments and expressly stated he considered impairments "individually and in combination").

    B.  <u>Mental Impairments</u>

Plaintiff contends the ALJ did not fully evaluate her mental limitations pursuant to 20 C.F.R. §§ 404.1520a, 416.920a. *See* Pl.'s Br. 15-16. Contrary to Plaintiff's assertion, the ALJ properly discussed Plaintiff's mental health history and made specific findings as to the degree of limitation in each of the functional areas.

The regulations provide a five-point scale to evaluate the degree of limitation in three areas of functioning (activities of daily living, social functioning, and concentration, persistence, or pace) and a four-point scale to rate the degree of limitation in the fourth area (episodes of decompensation). 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). The regulations further provide:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4). In this instance, the ALJ considered Plaintiff's adjustment disorder

and determined she had mild restriction of activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation, each of extended duration. Tr. 12-14.

To bolster his conclusion, the ALJ specifically referenced Dr. Harris' consultative evaluation throughout his decision. Tr. 12-17. Notably, Plaintiff has no history of formal mental health treatment. *See Kirby v. Astrue*, 500 F.3d 705, 708-09 (8th Cir. 2007) (claimant had not sought formal treatment by a psychiatrist, psychologist, or other mental health care professional). On July 7, 2008, Plaintiff saw Steven R. Harris, Ph.D., for a consultative mental evaluation. Tr. 308-312. On examination, Plaintiff appeared somewhat anxious and possibly hyperactive. Tr. 309. Plaintiff's mood and affect were appropriate, but somewhat anxious. Tr. 309. Thought processes were spontaneous and reasonably well-organized. Tr. 309. Plaintiff reportedly stayed home most of the time, but occasionally left the house to see others. Tr. 309-310. She denied homicidal and suicidal ideation. Tr. 310. Dr. Harris estimated Plaintiff's intelligence as average. Tr. 310. He diagnosed Plaintiff with cyclothymic disorder (rule out) and adjustment disorder with mixed anxiety and depressed mood. Tr. 311. Dr. Harris estimated Plaintiff's Global Assessment of Functioning ("GAF") score at 57.[2] Tr. 311. Other than noting a fear of seizures and an inability to drive, Dr. Harris found no limitations in Plaintiff's day-to-day functioning or her ability to communicate and interact in a socially adequate manner, cope with basic work-like tasks, concentrate and attend, persist in completing tasks, or perform work-like tasks within an acceptable time frame. Tr. 311.

The ALJ properly considered, and accounted for, Plaintiff's mental limitations. The evidence of record, including Plaintiff's minimal treatment history, Dr. Harris' consultative evaluation, the

---

[2] A GAF of 51-60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 34 (4th ed., 2000).

opinions of reviewing agency consultants, and Plaintiff's own description of her limitations, is consistent with the ALJ's finding of moderate mental limitations. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001) (ALJ will determine RFC on the basis on all relevant evidence, including medical records, opinions of treating medical personnel, and Plaintiff's description of her own limitations). As such, the undersigned finds no error in the ALJ's evaluation of Plaintiff's mental impairments.

    C. <u>Severe Impairments</u>

Plaintiff contends the ALJ erred in finding her headaches to be non-severe. *See* Pl.'s Br. 16-17. Step two of the regulations involves a determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that is severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one which significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) (O'Connor, J., concurring)). The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have "no more than a minimal impact on her ability to work." *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir.2001), *citing Nguyen v. Chater,* 75 F.3d 429, 430-31 (8th Cir.1996). Although a claimant has the burden of establishing a severe impairment or impairments, the burden at this stage is not great. *Caviness*, 250 F.3d at 605.

The objective medical evidence does not suggest that Plaintiff's migraine headaches significantly limit her work abilities. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993) (citing

*Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989)). The record demonstrates that Plaintiff initially experienced severe headaches following her February 8, 2008, car accident. Tr. 244, 247, 261-268, 345-346, 362, 443-464, 641-644. However, after making several medication changes and adjustments, Plaintiff's headaches improved with treatment. Tr. 543, 549, 649; *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (an impairment that can be controlled by treatment or medication is not considered disabling). On February 26, 2009, Dr. Moon noted that Plaintiff's migraines were well-controlled on Trazodone. Tr. 539. In August 2009, Plaintiff reported no recent headaches. Tr. 649, 651. Thus, the evidence demonstrates that Plaintiff's headaches stabilized with proper treatment.

For these reasons, the undersigned finds that substantial evidence supports the ALJ's severity determination. The undersigned notes that although the ALJ did not find Plaintiff's headaches to be severe, he nevertheless took this impairment into consideration when determining Plaintiff's RFC. *See* 20 C.F.R. § 404.1545(a)(2) (ALJ will consider both severe and non-severe impairments in determining a claimant's residual functional capacity).

### D. Hypothetical Question

Finally, Plaintiff argues that the ALJ's hypothetical question did not fully account for her functional limitations. *See* Pl.'s Br. 17-19. A hypothetical question posed to the VE is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by the ALJ. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005) (citing *Hunt v. Massanari,* 250 F.3d 622, 625 (8th Cir. 2001)). The ALJ may properly exclude, as he did in this case, any alleged limitation or impairments he rejects as untrue or unsubstantiated. *Hunt*, 250 F.3d at 625. Here, the ALJ's hypothetical to the VE was proper, as it mirrored the limitations ultimately adopted by the ALJ. *Roe*

*v. Chater*, 92 F.3d 672, 676 (8th Cir. 1996).  For these reasons, substantial evidence supports the ALJ's step five determination.

### V.     Conclusion

Having carefully reviewed the record, the undersigned finds that substantial evidence supports the ALJ's determinations at each step of the disability evaluation process, and thus the decision should be affirmed.  Accordingly, Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED this 6th day of September 2012.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE